UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAN WELENC,

                    Plaintiff,

          -against-                                    18-cv-9617-GHW

POLISH & SLAVIC FEDERAL CREDIT                         TRANSFER ORDER
UNION, *et al.*,

                    Defendants.

GREGORY H. WOODS, United States District Judge:

          Plaintiff brings this *pro se* action alleging that Defendants violated his constitutional rights.

For the following reasons, this action is transferred to the United States District Court for the

Eastern District of New York.

          Under the general venue provision, a civil action may be brought in:

          (1) a judicial district in which any defendant resides, if all defendants are residents of
          the State in which the district is located; (2) a judicial district in which a substantial
          part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there
          is no district in which an action may otherwise be brought as provided in this
          section, any judicial district in which any defendant is subject to the court's personal
          jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person

is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued in its

common name under applicable law, whether or not incorporated, shall be deemed to reside, if a

defendant, in any judicial district in which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

          Plaintiff alleges that the Polish & Slavic Federal Credit Union and members of its board of

directors have engaged in financial mismanagement and other improprieties. Attachments to the

complaint show that there has been extensive state court litigation, originating in Kings County

Supreme Court. All the parties to this action reside in Brooklyn, New York, with the exception of one Defendant, the National Credit Union Association, which is located in Virginia.

Because Plaintiff does not allege that any Defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Kings County, located in Brooklyn, New York, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2018
         New York, New York

_____
GREGORY H. WOODS
United States District Judge